REQUESTED BY: Senator Emil E. Beyer, Jr. Member of the Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator Beyer:
By letter dated February 9, 1981, you requested this office to render an opinion on LB 354 which has been introduced for consideration during the 1981 legislative session. Essentially, the bill would amend statutes authorizing municipalities and municipal airport authorities to acquire property for airport purposes so that no such property could be acquired outside the territorial limits of any particular municipality by eminent domain without the prior approval of the county board of the county where the property is located.
The statutory provisions to be amended by LB 354 presently authorize municipalities or their airport authorities to acquire property for airport purposes within or without their territorial limits. These statutes further provide that such land may be acquired by purchase, gift, devise, lease, or other means including eminent domain. Municipalities are given full power to exercise the right of eminent domain both within and without their territorial limits. LB 354 would condition the right to acquire such property outside municipal territorial limits by eminent domain on prior approval of the county board of the county where such property is located.
It strikes us that there well may be legitimate county interests at stake when municipalities or their airport authorities seek to obtain land outside their territorial limits for airport purposes by eminent domain, as opposed to other means of acquisition. If so, these county interests might well render appropriate prior county approval of such municipal action to insure that the county interests are taken into consideration. Mindful of this, the absence of any language in the pertinent portions of LB 354 articulating any such county interests and making clear that they provide the framework for the county approval process is troubling. Essentially, LB 354 would give absolute and total discretion to the county in approving or disapproving such municipal action. No standards, guidelines or criteria are incorporated in LB 354 to which the counties would be required to adhere in undertaking its approval process.
It is our view this grant of power to the counties without control or check, which apparently can be exercised at will and for reasons which may or may not reflect the genuine county interests in municipal acquisition by eminent domain of land located in the county, constitutes an unconstitutional delegation of legislative power. See, McGrawElectric Co. v. Lewis Smith Drug Co., 159 Neb. 703,68 N.W.2d 608 (1955).
Yours truly, PAUL L. DOUGLAS Attorney General Shanler D. Cronk Assistant Attorney General